# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHINYERE JENKINS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 77-0420-CV-W-DW |
| ) | |
| SCHOOL DISTRICT OF KANSAS CITY, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendant. ) | |

## AMENDED ORDER

The State of Missouri (the "State") moves the Court to reconsider, or alternatively amend and clarify, its June 15, 2006 Order (Doc. 5146). The Kansas City, Missouri School District ("KCMSD"), the Jenkins Plaintiff Class, and the American Federation of Teachers Local 691 have filed a joint response (Doc. 5149) and the State filed Reply Suggestions (Doc. 5151). The motion is granted and the Court's June 15, 2006 Order is amended in part.

First, neither the Court's June 15, 2006 Order nor the present Order should be read to authorize KCMSD to withhold the entire $4.95 per $100 property tax levy from transfer to the charter schools. The State has identified a statement within the June 15, 2006 Order that when considered in isolation is arguably subject to this broad reading. Therefore, to dispel any perceived ambiguity in the Court's previous Order, the Court hereby clarifies that the scope of the remedy at issue is limited to those funds traditionally withheld by KCMSD under Mo. Rev. Stat. § 160.415.2(5).

Second, after careful consideration of the terms of the 1996 Settlement Agreement (the "Agreement" or "Settlement Agreement") and the arguments of the parties, the Court amends its

June 15, 2006 Order as follows:

On January 28, 1999, the State was dismissed from this action upon payment of the agreed upon amounts designated in the Settlement Agreement. Although the State's dismissal was with prejudice, certain obligations were specified in the Agreement and continued after dismissal. Most importantly, the State explicitly agreed to "support existing court-ordered financing . . . until such time that the District is declared unitary." (Agreement ¶ 8). "Existing court-ordered financing" included the property tax levy which was initially set at $4.96 by court order and later set at $4.95 pursuant to Missouri law. See Mo. Const. Art. X, § 11(g). When reviewing the Settlement Agreement, the Eighth Circuit expressed that the existence of the current levy provided adequate assurance that KCMSD would have sufficient funding and concluded that approval of the Agreement was appropriate. Relying on the terms of the Settlement Agreement and the conditions of its approval by the Eighth Circuit, the Court finds that "support[ing] existing court-ordered financing," under the Settlement Agreement, definitively requires the State to permit KCMSD to withhold funds under Mo. Rev. Stat. § 160.415.2(5) through the time it was granted unitary status by the Court's August 13, 2003 Order.

The next question is whether the State was required to permit KCMSD to withhold funds beyond that date. If the court-ordered bonds are deemed to fall within the "court-ordered financing" that the State must support under the Settlement Agreement, then the State would be required to allow KCMSD to withhold funds until the bonds are fully retired. In 1988, the Court ordered the initial bond issue to be retired within 20 years. Although no such limitation was ordered with the two subsequent bond issues in 1993, those issues had original maturity dates in 2014.

There can be no dispute that the bonds were "court-ordered financing" and that had KCMSD

2

not been declared unitary in 2003, the State would have had a continuing obligation to support KCMSD's retirement of the court-ordered bonds through the original maturity dates in 2014. However, in 1998, the Eighth Circuit directed that "[s]hould efforts be made to declare the district unitary before retirement [of the bonds], the issue can appropriately be determined at that time." Jenkins v. Missouri, 158 F.3d 984, 986 (8th Cir. 1998). As the State has noted, KCMSD did not raise the issue at that time. On the other hand, the State did not restrict funds withheld under § 160.415.2(5) until after KCMSD was declared unitary. Under these circumstances, the Court finds the issue is appropriately raised at this time. Under the Settlement Agreement and previous orders of this Court, the Court finds that the leasehold revenue bond obligations are "court-ordered financing" and the State has a continuing obligation to support KCMSD's efforts to retire them within their respective initial maturation dates.

Accordingly, the Court hereby ORDERS that the 1996 Settlement Agreement requires the State to permit KCMSD to withhold local property tax levy funds for repayment of court-ordered leasehold revenue bonds from transfer to the charter schools, pursuant to Mo. Rev Stat. § 160.415.2(5), through the respective initial retirement dates of each of the court-ordered leasehold revenue bond obligations.

IT IS SO ORDERED.


Date:   November 21, 2006                                    /s/ DEAN WHIPPLE
                                                             Dean Whipple
                                                             United States District Court